ANNA MONTWID, PROSECUTOR, v. GRACE MONTWID AND JOSEPH SIEGLER, JUDGE OF JUVENILE AND DOMESTIC RELATIONS COURT OF ESSEX COUNTY, RESPONDENTS.

Argued January 18, 1933—Decided July 25, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Child & Shipman.*

For the respondents, *Robert E. Kiernan.*

PER CURIAM.

In this review we are asked to set aside an order of the Domestic Relations Court of Essex county requiring the prosecutor to pay $4 a week for the support of her grandchild.

The return of the writ discloses that the prosecutor upon the complaint of one Grace Montwid was required to make payment in the first instance of $6 per week, which sum was paid for a number of weeks when on application of the prosecutor the order was reduced to $4 per week.

The proceedings were taken in pursuance of the authority conferred by chapter 257 of the laws of 1929 establishing a Juvenile and Domestic Relations Court. The purpose of this statute, among others, is to protect the growing youth of the country which shall not have attained the age of sixteen years, and upon the court is conferred jurisdiction to deal with the domestic relations of such children and the responsibility for their care and support, and in doing so it is authorized to hear and determine these relations in summary manner in cases where the gravamen of the complaint is failure to provide support.

This the court, from the return, appears to have done in the present case. In the absence of invalidity appearing upon the return or otherwise properly presented to us, the order of the court below will not be disturbed upon legal grounds.

The testimony taken on the trial is not before us, although the prosecutor has presented in her brief excerpts from what purports to be a considerable amount of testimony taken at that time. If such testimony was presented and it was deemed essential it should have been made a part of the return. If, however, we are to examine this purported proof we think the court was justified in imposing the order which is sought to be reversed.

The contention of the prosecutor that under such cases as *Ackerman* v. *Ackerman,* 55 *N. J. L.* 422; 27 *Atl. Rep.* 807; no personal right for support arises under the poor laws of the state, and that consequently the Juvenile Court was without authority to impose an order at the instance of the complaining witness in the cause, is decided to the contrary in *Glassman* v. *Essex County,* 9 *N. J. Mis. R.* 519; 154 *Atl. Rep.* 722.

The order is affirmed.